Argued and submitted May 28,
reversed and remanded September 22, 1980

JONES, et al,
*Appellants,*
*v.*
KELLEY,
*Respondent,*

(No. 198870, CA 16642)

616 P2d 1215

Steven E. Benson, Portland, argued the cause and filed the brief for appellants.

Bruce L. Melkonian, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

In this forcible entry and detainer action (FED), plaintiff landlord appeals a judgment in favor of tenant in which the trial court found tenant was not in default on her lease option agreement. The essential facts are not in dispute and the only question before us is the interpretation of the terms of the agreement.

On September 1, 1979, the parties entered into a lease option agreement. The portion of the agreement typed in by the parties provided that defendant would have possession of the premises from September 1, 1979, to September 1, 1980, and that the rental for the one-year term was $5,900 to be paid as follows:

"* * * Fifteen Hundred and 00/100— Dollars on the execution of this agreement, receipt whereof is hereby acknowledged, and the remainder of $4,400.00 to be paid in regular monthly installments of not less than $400.00 per month, said payment to be made on or before the first day of each and every month hereafter, beginning with the month of October, 1979."

If any payment was in arrears for 15 days, the lessor was entitled to take possession of the premises. The agreement further provided in the printed form that

"Time is hereby declared to be the essence of this agreement and in the event the second party shall fail or neglect to make the payments or any of them as herein provided for * * * *then all payments theretofore made by second party [lessee] to the first party [lessor] shall be considered as rent* and shall be retained and belong to the first party herein and the option herein granted to second party shall thereupon become null and void without any notice of termination or act by first party." (Emphasis supplied.)

No separate consideration was stated for the option.

Defendant made the first payment on the contract of $1,500, but thereafter made no payments in the months of October and November, 1979. On December 10, 1979, plaintiffs commenced this FED action to recover possession.

The trial court found that the rental amount under the agreement was $400 per month, that accordingly on December 10, 1979, the accrued rental was $1,200 and that defendant was therefore not in default by reason of having paid $1,500 in September. In so holding, the trial court apparently concluded that all but $400 of the first month's payment of $1,500 was consideration for the option and that upon default the consideration for the option, *i.e.,* $1,100 was "considered as rent." Applying this to accrued rent would leave defendant with a credit balance of $300 on December 1, 1979. In so concluding, the trial court probably relied upon a statement of plaintiffs' counsel in a colloquy with the court:

"Court: What does this thing say about the $1,500? Does this agreement say that it is a payment of the last six months rent?

"Pl. Counsel: No, your honor. It's the initial rent.
"* * * * *

"* * * Actually it's part of the consideration for the option."

■ ■ Defendant urges that the trial court could consider this statement in construing the agreement, citing *Montesano L. & M. Co. v. Portland I. Wks.,* 94 Or 677, 186 P 428 (1920). We do not construe counsel's statement as a judicial admission, *i.e.,* "* * * one made by a party or his attorney for the purpose of dispensing with proof of a fact in issue." *Foxton v. Woodmansee,* 236 Or 271, 278, 386 P2d 659, 388 P2d 275 (1964). But even if we did, that would resolve nothing because the evidence does not support the trial court's assumption that rental was $400 for the month of September. We therefore cannot determine that a portion of the first payment was consideration for the option.

■ While an option agreement must be supported by consideration in the lease-option agreement, it is not required that the consideration for the option be separately agreed upon. The consideration in the lease supports the option. *McCreight v. Girardo,* 205 Or 223, 234, 280 P2d 408, 287 P2d 414 (1955); *Taylor v. Wells,* 188 Or 648, 655, 217 P2d 236 (1950). In construing a

lease agreement, the rules applicable to the construc-
tion of written contracts in general are to be applied.
*Eggen v. Wetterborg,* 193 Or 145, 153, 237 P2d 970
(1951). Before judicial construction is appropriate,
there must be an ambiguity. In the absence of an
ambiguity in the terms of the lease, no judicial con-
struction is required or permitted. *Morgan v. State
Farm Life Ins. Co.,* 240 Or 113, 116, 400 P2d 223
(1965).

■ Here, we do not find the agreement ambigu-
ous. The agreement plainly states that rental for the
premises was $5,900 for the period from September 1,
1979, to September 1, 1980, "said rental" to be paid
$1,500 for the month of September and $400 per
month thereafter. There is no ambiguity in these pro-
visions. Furthermore, the contract provides that in the
event of a default, "* * * all payments theretofore
made * * * shall be considered as rent and shall be
retained * * * by the [lessor]."

■ Defendant argues that the language in the
lease, which was to the effect that in the event of a
default all payments theretofore made by the lessee to
the lessor should be considered as rent, implies that
prior to default some portion of the amounts paid
previously was not rent. That argument fails, how-
ever, because the agreement specifies that all pay-
ments, *i.e.,* the $1,500 and the $400 payments for the
months after September, were rent. That they shall be
considered rent *after* default does not imply that they
were not rent *prior* to default.

■ Defendant also argues that, because the ren-
tal amount was found by the trial court to be $400 per
month, there was no default. This argument, which
was adopted by the trial court, we find untenable. We
believe that the agreement can only be viewed as
providing for a total annual rental of $5,900 to be paid
in the manner specified. Because defendant did not
make the rental payments required under the lease
agreement for the months of October and November,
she was in default. The fact that the agreement may
have been improvident from the standpoint of the

defendant does not render it ambiguous or justify the construction placed upon the agreement by the trial court. *Wheeler v. White Rock Bottling Co.,* 229 Or 360, 367-68, 366 P2d 527 (1961).

The defendant was in default and plaintiffs were entitled to possession of the premises.

Reversed and remanded.