Argued and submitted July 28, affirmed September 22,
reconsideration denied December 12,
petition for review denied December 23, 1980 (290 Or 271)

KING, et al,
*Respondents,*
*v.*
HIGHLAND,
*Appellant.*

(No. 184-728, CA 17030)

616 P2d 1188

S. Ward Greene, Portland, argued the cause for appellant. With him on the brief was McMenamin, Joseph, Herrell & Babener, Portland.

Barton C. Bobbitt, Portland, argued the cause for respondent. With him on the brief were Charles S. Tauman and Willner, Bennett, Bobbitt & Hartman, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## . THORNTON, J.

This is a dispute between plaintiffs sellers and defendant buyer over construction of a printed form contract for the sale of an apartment house and a handwritten supplemental agreement whereby defendant agreed to pay certain prorated bills pertaining to the premises. Plaintiffs brought an action in the district court for moneys allegedly owed, attorney fees and a late payment charge. For the most part, the moneys represented cash allegedly paid by plaintiffs for defendant's utility bills.

Defendant appeals from a summary judgment in favor of plaintiffs. He assigns the following as errors:

1) The court erred in granting summary judgment.

2) The court lacked jurisdiction of the subject matter.

In support of his first assignment, defendant argues that the supplemental agreement is not legally a part of the land sale contract and that therefore the provision in the original contract allowing attorney fees for a breach and also a late payment charge should not have been applied to the failure or neglect of defendant to make timely payment of the utility bills, which plaintiffs subsequently paid.

Plaintiffs answer the above argument as follows:

"When the parties enter into a contract which provides for attorney fees and late payment charges for failure to make timely payments, and when the method of making a payment is modified by further written agreement of the parties, failure to make the payment so modified is a breach of the original contract invoking the late payment charge and entitling the prevailing party to an award of attorney fees.

"When two written agreements on their face show that they relate to the same transaction, they must be construed together. When such writings are clear and unambiguous, their construction is a question of law for the court to decide.

> "An award of attorney fees is allowed by Oregon law when authorized by contract or statute. When so authorized, there is no judicial antipathy to such awards.
>
> "Only fact issues which are raised by the pleadings are before the court in a summary judgment proceedings. Defendant's failure to affirmatively plead, as required, the invalidity of the late payment charge removed that issue from the court's consideration on summary judgment."

■ We conclude that the portions of the original land sale contract providing for attorney fees and late payment penalty apply to the supplemental agreement. It follows, therefore, that the trial court did not err in applying the same to defendant's failure to make timely payment of the prorated bills provided for in the supplemental agreement.

■ ■ It is well settled that parties to a contract may modify or amend that instrument from time to time by mutual consent. *Florey v. Meeker,* 194 Or 257, 240 P2d 1177 (1952). The modifying agreement should be construed in connection with the original contract in order to ascertain the entire intent of the parties. *See Marnon v. Vaughn Motor Co., Inc.,* 184 Or 103, 194 P2d 992 (1948); *Kinney v. Schlussel et al,* 116 Or 376, 239 P2d 818 (1925). *See also* 17 Am Jur 2d, Contracts § 264 (1964).

The same rule was applied in *McGrath v. Electrical Const. Co.,* 230 Or 295, 364 P2d 604, 370 P2d 231 (1961), where the court held that references made to general conditions and to the agreement between the prime contractor and the corporation for which it was performing work in letters from the engineer to the prime contractor were effective to include the agreement and general conditions in the subcontract where such letters were handed to the subcontractor in making his bid.

Defendant argues that it was the intent of the parties that the provisions relating to attorney fees and penalties were to apply to the monthly installments only, and that therefore a breach of the

supplemental agreement was not a breach of the land sale contract. We can find no basis in the record, however, for this construction. By the terms of the supplemental agreement, defendant's payments on the prorated bills were to be credited against the first monthly installment due. Defendant failed to make all the required payments. As a result, plaintiffs were entitled to claim a reasonable attorney fee as well as the late payment charge.

■        Defendant's second assignment, regarding lack of jurisdiction, is without merit. The record shows that this cause was remanded to the district court by order of the circuit court dated November 27, 1979, which date was well prior to the summary judgment in issue.

Affirmed.