Argued and submitted January 24, affirmed May 15, 1996

# HOUSING AUTHORITY OF PORTLAND,
*Respondent,*

*v.*

## Angelina MARTINI
## and James Donald Bentley,
*Appellants.*

### (95F 840100; CA A88671)

917 P2d 53

Jerry B. Hodson argued the cause for appellants. With him on the brief was Miller, Nash, Wiener, Hager & Carlsen.

Paul W. Jones argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P.J.

## WARREN, P. J.

In this residential FED action, defendants, tenants residing in low-income housing, appeal from a judgment awarding possession of the premises to plaintiff, the Housing Authority of Portland (Housing Authority). The issue is whether a landlord or tenant, after giving the other party a valid notice terminating the lease between the parties, can later rescind the notice. We affirm.

The pertinent facts are not disputed. The parties' lease provides that tenants may terminate the lease at any time by giving the Housing Authority 15 days' written notice.[1] On March 22, 1995, tenants gave the Housing Authority the requisite 15 days' notice of termination of their tenancy, notifying the Housing Authority that the unit would be vacated by midnight, April 5, 1995. Five days later, tenant Martini contacted the Housing Authority and attempted to rescind the notice on the ground that tenants did not have sufficient means to live outside the low-income housing. The Housing Authority's agents told Martini it would not accept the attempt to rescind the notice, and on April 7, 1995, the Housing Authority filed an FED action in district court seeking possession of the rental property that tenants occupied. ORS 105.105 *et seq.* Tenants filed an answer, which included the affirmative defense that their termination notice was rescinded within 10 days after being submitted.

The trial court entered judgment for the Housing Authority on the ground that tenants' attempt to rescind the notice was ineffective under the terms of the lease.[2] The trial court explained:

---

[1] Section XV.E of the lease provides:

"This Lease may be terminated by the Resident at any time by giving 15 days written notice to [the Housing Authority of Portland]. After giving notice of termination, the Resident shall be liable for rent through the fifteen day period whether or not he retains control or possession of the premises to the end of such period, except that:

"1. If the unit is rerented before the end of the 15 day period, liability for rent shall stop the day before the unit is rerented; and

"2. If the Resident is the sole occupant of the household and dies, liability for rent shall stop the day [the Housing Authority] takes possession of the unit."

[2] The court entered what it styled a "directed verdict" for the Housing Authority. There was no jury so there was no verdict.

"In this case you've done something yourself which has led the Housing Authority to move to have you evicted * * * and they're entitled to stand on it, to accept it for what it was, and to come to court as of April 7."

On appeal, tenants assign error to the trial court's ruling that their rescission of the notice of termination had no legal effect. They argue, *citing Lesser-Goldman Cotton Co. v. Fletcher*, 153 Ark 17, 239 SW 742 (1922), that they effectively revoked the notice of termination, because the Housing Authority did not show that it had detrimentally relied on the notice before tenants sought to withdraw it. The Housing Authority responds, citing *Devonshire v. Langstaff*, 10 Cal App 2d 369, 51 P2d 902 (1935), that, based on the contractual relationship of the parties and their specified method of terminating the lease, the Housing Authority is entitled to treat tenants' notice of termination as effective and that they cannot withdraw it without the Housing Authority's assent.

■■ In general, lease agreements are construed in accordance with the rules applicable to the construction of contracts. *Eggen v. Wetterborg*, 193 Or 145, 153, 237 P2d 970 (1951). Judicial construction, however, is only appropriate where ambiguity exists. *Jones v. Kelley*, 48 Or App 395, 399, 616 P2d 1215 (1980). In this case, the parties do not contend that the lease contains an ambiguity. Rather, tenants assert that their notice cannot be given effect because the Housing Authority did not rely on it. We reject tenants' argument because detrimental reliance is not necessary to the effectiveness of the exercise of an absolute right to terminate the tenancy on specified notice.

■ Conversely, the Housing Authority contends that tenants are bound by the express terms of the lease. We agree that unambiguous contracts must be enforced according to their terms. *Pacific First Bank v. New Morgan Park Corp.*, 319 Or 342, 347, 876 P2d 761 (1994). Moreover, the Housing Authority points to *Devonshire* as a proper statement of the usual construction of such unambiguous lease terms:

" '[A] party who has given a notice to quit cannot afterwards withdraw or "waive" such notice without the assent of the other party to the tenancy, that is, that a notice once given

operates to terminate the tenancy at the time therein specified unless both parties consent that it shall not so operate.' " 10 Cal App 2d at 373 (quoting Herbert Thorndike Tiffany, 1 *Landlord and Tenant* § 205, 1462 (1910)).

We agree. The lease expressly provides that it cannot be modified except by the mutual assent of the parties.[3] None of the riders to the lease touches on the issue of its termination. Here, the express terms of the parties' agreement provides that tenants' 15 days written notice operates to terminate the lease. When tenants gave Housing Authority the notice to terminate, they were at that instant bound by the notice. Accordingly, the effect of the notice could not be changed by the will of one of the parties alone. Tenants' attempt to rescind the notice terminating their tenancy was ineffective.

Affirmed.

---

[3] Section XVII of the lease provides, in part:

"[M]odifications of this Lease shall be accomplished by a written rider to this Lease, signed by both parties."

It is also an established principle of contract law that a contract cannot be modified except by the mutual assent of the parties. *King v. Highland*, 48 Or App 241, 244, 616 P2d 1188, *rev den* 290 Or 271 (1980).